HELEN KRAUS, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 36519.)
CHARLES KRAUS, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 36523.)

Court of Claims, August 8, 1962.

*Bartle Gorman* and *Richard Kehoe* for claimants. *Louis J. Lefkowitz, Attorney-General* (*Hiscock, Cowie, Bruce, Lee & Mawhinney* and *Donald M. Mawhinney* of counsel), for defendant.

RICHARD S. HELLER, J. Both of these claims arise out of a collision between a motor vehicle owned and operated by the claimant Charles Kraus and a piece of heavy equipment of the Department of Public Works known as a Michigan payloader. The collision occurred on January 10, 1959 on Route 12 in front of a New York State Police Substation in the Town of Remsen, New York. The claimant Helen Kraus was riding in the Kraus car as a passenger.

Immediately prior to the collision the payloader had been used with two flagmen to clear ice from a driveway some 30 to 35 feet in width leading into a parking lot at the State Police Substation. At the time of the collision the flagmen had left and the operator of the payloader was leaving the State Police Substation to return to his base of operations in Remsen. At this point Route 12 is a four-lane highway with a center mall. The collision occurred as the Michigan payloader was crossing the northbound lanes to turn south in the southbound lanes.

Snow had been piled to a substantial height on the right-hand side of the northbound lanes. The right-hand northbound lane was clear and dry but the left-hand northbound lane was covered with packed snow.

Under all the circumstances the court finds that the collision occurred as the result of negligence in the operation of the payloader and that the claimants were free from contributory negligence.

The claimant Charles Kraus, was admitted to the Faxton Hospital after the collision and remained there until January 27, 1959. He suffered from shock, contusion of the gums and mouth, dental injuries which included the breaking of dentures, a lumbar sprain, a chest sprain and sprain of the knees. None of these injuries were shown to have been permanent.

About March 23, 1959, the claimant Charles Kraus suffered a stroke as the result of which he was confined in St. Luke's Hospital from March 23, 1959 to June 29, 1959. He has suffered a partial paralysis from this stroke and after his discharge from the hospital he spent considerable time in a nursing home and he requires constant care and attention.

The proof, however, is insufficient to establish that the negligence of the State was the proximate cause of the stroke and its consequences. The wrongdoer " is responsible for the natural and *proximate* consequences of his misconduct ". (*Ehrgott* v. *Mayor*, 96 N. Y. 264, 281; see *Newton* v. *New York, New Haven & Hartford R. R. Co.*, 106 App. Div. 415, 426; *Boltuch* v. *Macy & Co.*, 265 App. Div. 944.)

The claimant Helen Kraus was admitted to the Faxton Hospital on January 10, 1959, the day of the accident, and remained there until February 3, 1959. As a result of the accident she suffered shock, abrasions and contusions of the forehead and nose, sprain of the anterior chest wall, cerebral concussion, lumbar and cervical spine sprain, sprain of the knees and a fracture of the left patella. Due to the fracture, her leg was in a cast until February 13, 1959. The fracture of the patella involved permanent damage.

The claimant Helen Kraus had a history of eye difficulty including a cataract. She was first seen by an eye specialist after the accident on April 2, 1959 and again on September 9, 1959. On neither of these two visits was there any diagnosis of detachment of the retina, but such a diagnosis was made on November 27, 1959 and as a result the claimant Helen Kraus underwent surgery in Boston, Massachusetts, involving considerable expense.

The proof, however, is insufficient to establish that this accident was the proximate cause of any injury or disease to the eyes of the claimant Helen Kraus. Without such proof, the State may not be charged with liability for any condition of the claimant's eyes or vision.

The court finds that the claimant Charles Kraus is entitled to recover the sum of $8,500 for the personal injuries and property damage suffered by him and the expenses incurred and damages suffered by him by reason of the injuries to his wife, the claimant Helen Kraus.

The court finds that the claimant Helen Kraus is entitled to recover the sum of $14,000 for the personal injuries suffered by her.